THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY ODGERS, | : |
| | : CIVIL ACTION NO. 3:15-CV-329 |
| Plaintiff, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Carlson) |
| v. | : |
| | : |
| PROGRESSIVE NORTHERN | : |
| INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

## ORDER

**AND NOW, THIS** 20th **DAY OF JUNE 2023,** upon *de novo* review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 53), Defendant's objections thereto (Doc. 54), Plaintiff's response (Doc. 55), and all relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Defendant's objections (Doc. 54) are **OVERRULED in part** and **SUSTAINED in part.**

    a. Defendant's objection to the R&R's recommendation that summary judgment be denied as to Plaintiff's bad faith claim is overruled.

    b. Defendant's objection to the R&R's recommendation that summary judgment be denied as to Plaintiff's negligence and negligence per se claims (Doc. 54 at 2-6) is sustained based on the Court's conclusion that the gist of the action doctrine bars these claims. This Determination is

grounded in the Supreme Court of Pennsylvania's decision in *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014). *Bruno* noted that the general governing principle regarding the "gist of the action" question is "the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint." *Id.* at 68. It is the substance, not the label that matters. *Id.* *Bruno* further instructed:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. . . . If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Id.* The allegations contained in the negligence and negligence per so counts in Plaintiff's Complaint (Counts IV and V) relate to the duty to properly process and pay Plaintiff's claims for benefits. (*See* Compl. ¶¶ 185-197, Doc. 1-1 at 41-43.) Though Plaintiff was not a party to the contract, Defendant would not have been obligated to pay benefits to her "but for the existence of the contract." *Bruno*, 106 A.3d at 68. Defendant's duty to Plaintiff did not "exist[ ] regardless of the contract." *Id.* But for the contract of insurance between Defendant and the driver of the

2

vehicle which struck Plaintiff, Defendant would owe no duty to Plaintiff and Plaintiff would not be entitled to any claim for benefits. Therefore, the Court concludes that the gist of the action in this case is one based on contract rather than tort. Because the gist of this action sounds in contract under guiding Pennsylvania precedent, Plaintiff's claims for negligence and negligence per se, Defendant is properly granted summary judgment on these claims.

2. The R&R (Doc. 53) is **ADOPTED** as modified.

3. Defendant's Motion for Summary Judgment (Doc. 44) is **GRANTED IN PART** and **DENIED IN PART**:

    a. The Motion is **DENIED** as to Plaintiff's bad faith claim;

    b. The Motion is **GRANTED** in all other respects.

4. Trial in this matter shall be scheduled by separate Order.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge